IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EVELYN E.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____

No. 6:20-cv-01811-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

       Plaintiff Evelyn E. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration (the "Commissioner"). The Commissioner denied Plaintiff's application for

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

1 – OPINION AND ORDER

Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is AFFIRMED.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### I.  Plaintiff's Application

Plaintiff alleges disability based on total occupational and social impairment; difficulty in adapting; near continuous depression; panic attacks; suicidal ideation; forgetting directions, names, events, and to complete tasks; impairment of short- and long-term memory; retention of only highly learned material; and anxiety. Tr. 218.[2] At the time of her alleged onset date, she was 51 years old. Tr. 161, 520, 528. She has earned an associate's degree and has past relevant work experience as a user support analyst. Tr. 372, 22.

Plaintiff protectively applied for DIB on April 12, 2017, alleging an onset date of March 1, 2012. Tr. 161. Her application was denied initially on August 22, 2017, and on reconsideration on October 26, 2017. Tr. 96-100, 105-10. Plaintiff subsequently requested a hearing, which was held on June 18, 2018, before Administrative Law Judge ("ALJ") John D. Sullivan. Tr. 24. Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Jaye Stutz, also testified. Tr. 14. On September 24, 2018, the ALJ issued a decision denying Plaintiff's claim. Tr. 24. Plaintiff requested Appeals Council review, which was denied on December 28, 2018. Tr. 1. Plaintiff then sought review before this Court.[3]

### II.  Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 13).

[3] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. ECF 6.

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations their impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

can work, they are not disabled; if they cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III. The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date through her last insured date of June 30, 2017. Tr. 16.

At step two, the ALJ determined that Plaintiff has the following severe impairments: "[A] major depressive disorder, attention deficit-hyperactivity disorder (ADHD); and an anxiety disorder, NOS." Tr. 16.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 17-18. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff

> had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine tasks. She can make only simple wor-related [*sic*] decisions. She can occasionally respond appropriately to supervisors, co-workers, and the public. She would likely be absent from work one day per month.

Tr. 18-19.

At step four, the ALJ found Plaintiff could not perform her past relevant work. Tr. 22.

But at step five—considering Plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs existed in the national economy that Plaintiff could perform. Tr. 22. The ALJ consulted a VE who identified salvage laborer, hand packager,

groundskeeper, and laminating machine operator as appropriate jobs. Tr. 552-554. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 23.

## DISCUSSION

Plaintiff contends that the ALJ committed the following errors: assessing an RFC that exceeds Plaintiff's concrete limitations, posing a flawed hypothetical to the VE, and by failing to resolve a conflict between the *Dictionary of Occupational Titles* and VE testimony. Pl.'s Br., ECF 27 at 5. Plaintiff asserts that the ALJ created a hypothetical more consistent with reasoning level two as defined by the *Dictionary of Occupational Titles*, while Plaintiff's limitations are more accurately consistent with reasoning level one. *Id.* at 6-10.

In response, the Commissioner concedes that the vocational testimony contains an unresolved conflict: without expert testimony explaining otherwise, a conflict exists between occupations requiring a reasoning level two and a two-step task limitation. Def.'s Br., ECF 28 at 4-5. However, the Commissioner argues that while three of the jobs identified by the VE require reasoning level two, the VE did in fact identify a significant number of unconflicted jobs. *Id.* at 6. Therefore, the Commissioner argues that the ALJ's error was harmless. *Id.*

As is explained below, the Court agrees that the ALJ's error was harmless. Accordingly, the Court AFFIRMS the Commissioner's decision denying Plaintiff's claim.

**I.   Step Five Finding**

   *A.   Applicable Law*

An individual is disabled if her impairments prevent her from not only doing her past relevant work, but also any work that "exists in significant numbers" in the national economy. 42 U.S.C. § 423(d)(2)(A). 25,000 jobs available in several regions throughout the country meets the "significant numbers" threshold. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th

Cir. 2014). Where a significant number of jobs exists either in the region where the claimant resides or in several regions of the country, the ALJ's decision must be upheld. *Id.* at 523-24.

An ALJ has the burden of providing substantial evidence at step five, which they can fulfill using vocational expert testimony. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). An ALJ has an affirmative duty to ask about any possible conflict between vocational expert testimony and evidence and information via the *Dictionary of Occupational Titles*. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).

Errors at step five are harmless if the record identifies a significant number of jobs that fit within a claimant's limitations. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). An ALJ's decision may not be reversed on account of a harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

*B.   Analysis*

At step three, the ALJ determined that Plaintiff was able to "perform simple, routine tasks," and that she can only make simple decisions. Tr. 18-19. Plaintiff's limitation of only being able to understand and remember one- to two-step instructions is supported by medical assessments from Dr. Sergiy Barsukov, PsyD, and others. Tr. 78-79. When the ALJ was questioning the VE in this case, the ALJ posed a hypothetical about an "individual [who] would be able to perform simple and routine repetitive tasks, but only with one or two-step operations and *no more than reasoning level 2*." Tr. 552-56 (emphasis added). The VE responded with several jobs consistent with the hypothetical including salvage laborer, hand packager, and groundskeeper. *Id.* The VE confirmed those three jobs are reasoning level two. *Id.* The ALJ asked the VE to provide an occupation consistent with other aspects of the hypothetical but limited to reasoning level one. *Id.* The VE testified that laminating machine operator would be an appropriate reasoning level one job. *Id.* The VE also testified that there are 98,000

laminating machine operator jobs available in the national economy. The ALJ asked the VE multiple times if the VE's testimony was consistent with the *Dictionary of Occupational Titles*, to which the VE responded affirmatively. *Id.*

Plaintiff's assigns error to the ALJ's decision only with respect to the conflict posed by finding her capable of reasoning level two despite a two-step task limitation. Pl.'s Br. at 5. She notes that no conflict exists with reasoning level one demands and a limitation to two-step instructions. *Id.* at 8 (citing *Rounds*, 807 F.3d at 1003). Given the apparent conflict between reasoning level two and the Plaintiff's nonexertional limitations, it was improper to pose a hypothetical inquiring about reasoning level two jobs.[4] However, the ALJ did inquire about a reasoning level one job and the VE provided one—laminating machine operator. Tr. 556. The VE stated that there are 98,000 laminating machine operator positions available in the national economy. *Id.* While the ALJ did not explicitly list laminating machine operator in his step five finding, he found Plaintiff was capable of the "representative occupations" identified by the VE during the hearing, which would include laminating machine operator. Tr. 529.[5] Further, given that the number of laminating machine operator jobs far exceed the threshold 25,000 jobs, any error with respect to the remaining occupations identified by the ALJ was harmless.

---

[4] Reasoning level two jobs exceed the limitations of an individual with an RFC limited to one- or two-step instructions, unless expert testimony supports an alternative finding. *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1003 (9th Cir. 2015), *see also Massachi*, 486 F.3d at 1153 ("an ALJ may rely on expert testimony which contradicts the [*Dictionary of Occupational Titles*], but only insofar as the record contains persuasive evidence to support the deviation.").

[5] Although the ALJ did not specifically cite laminating machine operator in his decision, the commissioner may cite an expert's testimony as additional evidence in providing support for the ALJ's decision. *See Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006) (finding that the Commissioner was "not asking this court to invent a new ground of decision" by citing supporting evidence presented by a testifying expert, which an ALJ had not cited when crediting the expert's testimony).

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 3rd day of August, 2022.

_____
ANDREW HALLMAN
United States Magistrate Judge